IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ALAINA BODI,
Individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

KANDLE DINING SERVICES, INC.,

    Defendant.
_____

INDIVIDUAL AND CLASS AND COLLECTIVE ACTION COMPLAINT
_____

The Plaintiff, Alaina Bodi ("Bodi" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Colorado Wage Act ("CWA"), C.R.S. 8-4-101 *et seq.*, and the applicable Colorado Overtime and Minimum Pay Standards ("COMPS") Orders, 7 C.C.R. 1103-1 (2021–2022), as her Individual and Class and Collective Action Complaint against the Defendant, KANDLE Dining Services, Inc., a Kentucky Corporation ("KANDLE" or "Defendant"), states as follows:

## PARTIES

1.    At all times relevant to this Complaint, Bodi was an Ozaukee County, Wisconsin resident.

2.    Bodi's counsel, the Sawaya & Miller Law Firm, is located at 1600 Ogden Street, Denver, Colorado 80218.

1

3. The Defendant is a Kentucky corporation, with its principal place of business in Kentucky state.

4. At all times relevant to this complaint, Defendant was registered with the Colorado Secretary of State to do business in Colorado and in fact did business in Colorado. The Defendant's registered agent is located at 7700 E. Arapahoe Road, Ste. 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C § 201, et. seq, and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the Colorado state law claims pursuant to 28 U.S.C. § 1367, as the state law claims arise out of the same case or controversy as the FLSA claims.

7. The Defendant is subject to the FLSA because it is engaged in commerce or in the productions of goods for commerce within the meaning of 29 U.S.C. §§ 203 (r) and (s)(1). The Defendant employs hundreds of employees and has an annual dollar volume of sales or business well over $500,000.00.

8. The Defendant is an "employer" as set forth in the FLSA, 29 U.S.C. § 203(d) and the CWA, 8-4-101(6).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial number of the events or omissions giving rise to the claims occurred in Colorado.

## STATEMENT OF FACTS

10. In or about May of 2021, Bodi was hired by the Defendant as a temporary employee to provide food services for one of the Defendant's customers for the summer.

11. Defendant provides food service management to camps and conference centers across the United States.

12. Upon information and belief, Defendant provides services for approximately 30 camps each summer.

13. Initially, Bodi was hired to work at a summer camp in Ridgecrest, North Carolina.

14. There, Bodi was paid a weekly salary of $500.00, and offered a bonus of $200.00 per week worked at the conclusion of the summer, and $1,000.00 bonus at the discretion of the Director of Dining Services.

15. Upon information and belief, Bodi would only receive the $200.00 per week bonus if she worked the entire summer assignment.

16. The $200.00 per week bonus was a non-discretionary bonus.

17. The $1,000.00 bonus was a discretionary bonus.

18. Bodi's first day of work in North Carolina was on or about May 21, 2021.

19. On or about June 20, 2021, Bodi was transferred to work in Colorado.

20. Bodi's salary increased to $600 per week for work performed in Colorado, but the bonus offers remained the same.

21. Bodi worked first in Elbert, Colorado, then in Lake George, Colorado.

22. Bodi's last day was on or about July 29, 2021.

23. Bodi received both the $200 per week bonus and the $1,000 discretionary bonus at the conclusion of the 2021 summer.

24. Bodi's Employee Agreements stated: "This is a salaried position; therefore, overtime pay does not apply."

25. Bodi's job duties were to work in the food service area to provide services to certain campers, parents, and staffers.

26. Bodi did not supervise other employees.

27. The Defendant did not track Bodi's time.

28. Bodi maintained a log of her hours each day on an application on her phone.

29. Bodi regularly worked in excess of 40 hours per week, working as many as 92.4 hours in one week.

30. Bodi was not paid an overtime premium for hours worked in excess of 40 hours per week.

31. Bodi raised the issue of unpaid overtime with Leslie Sanburn, one of the owners of KANDLE, but Ms. Sanburn refused to discuss the issue.

32. Pursuant to the Fair Labor Standards Act ("FLSA"), beginning on January 1, 2020, to qualify as a salaried overtime exempt employee, the employee must perform the requisite duties of an exemption and be paid at least $684 per week.

33. Pursuant to the Colorado Overtime and Minimum Pay Standards ("COMPS") Order #37, to qualify as a salaried overtime exempt employee in Colorado in 2021, the employee must perform the requisite duties of an exemption and be paid at least $778.85 per week.

34. Pursuant to COMPS Order #38, the Colorado minimum weekly salary increased to $865.38 on January 1, 2022.

35. For all time relevant to this Complaint, the federal minimum wage was $7.25 per hour.

36. In 2021, the Colorado minimum wage was $12.32 per hour.

37. The 2022 Colorado minimum wage is $12.56 per hour.

38. Bodi did not perform the requisite duties of any exemption, and was not paid the minimum weekly salary required federally or in Colorado to qualify as exempt from overtime.

39. Due to the number of hours worked each week, Bodi's salary was often not enough to compensate her for the applicable minimum wage.

40. The Defendant was aware, or should have been aware, that it was required to pay an overtime premium for hours worked in excess of 40 in a week and at least minimum wage for all hours worked to Bodi; thus, Defendant's failure to properly pay overtime and minimum wage as required by both the FLSA and the CWA was willful.

41. Upon information and belief, the Defendant's failure to pay at least minimum wage and overtime for hours worked in excess of 40 in a week as described above was uniform with respect to all non-exempt employees who worked as kitchen and dining hall staff in camps throughout the United States on behalf of the Defendant.

42. Upon information and belief, all employees who worked as kitchen and dining hall staff were not exempt from the federal or Colorado minimum wage or overtime requirements.

43. Upon information and belief, the Defendant has continued it pay policy to the present.

44. Bodi brings this action on her own behalf and on behalf of all such workers who worked for the Defendant as kitchen and dining hall staff and were not paid an overtime premium for hours worked in excess of 40 per week and/or at least minimum wage for all hours worked under both Colorado and federal law from May 21, 2021 to the present.

## CLASS ALLEGATIONS

45. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

46. In addition to bringing her claims individually, Bodi also brings this case as a class and collective action under F.R.C.P. 23 on behalf of the following Class Members:

   a. FLSA Class:

   All salaried kitchen and dining hall non-exempt employees who worked for the Defendant in camps throughout the United States from May 21, 2021 to present, who worked more than 40 hours, but were not paid an overtime premium, and/or were not paid at least federal minimum wage for all hours worked.

   b. Colorado Class:

   All salaried kitchen and dining hall non-exempt employees who worked for the Defendant in camps throughout Colorado from May 21, 2021 to present, who worked more than 40 hours, but were not paid an overtime premium, and/or were not paid at least Colorado minimum wage for all hours worked.

47. The Classes satisfy the prerequisites and requirements of F.R.C.P. 23 because:

   a. The Classes each consist of scores, if not hundreds of employees, and individual joinder of all such employees is impracticable but easily determinable through the employment records of the Defendant;

   b. There are questions of law and fact that are common to the Classes, which questions predominate over issues affecting only individual Class Members, including:

      i. Whether KANDLE had a policy or practice of failing to properly compensate its non-exempt employees for overtime worked under the FLSA;

      ii. Whether KANDLE has a policy or practice of failing to properly compensate its non-exempt employees for federal minimum wage for all hours worked;

      iii. Whether KANDLE's policies or practices violated the FLSA;

      iv. Whether KANDLE had a policy or practice of failing to properly compensate its non-exempt Colorado employees for overtime worked under the CWA;

      v. Whether KANDLE has a policy or practice of failing to properly compensate its non-exempt Colorado employees for Colorado minimum wage for all hours worked;

      vi. Whether KANDLE's policies or practices violated the CWA;

      vii. The nature of the damages due to Class Members for KANDLE's violations of the FLSA and the CWA; and

      viii. Whether KANDLE's violations of the FLSA and the CWA were willful as to the Class Members.

c. The Plaintiff's claims are typical of the Class Members' claims in that, like all other members of the purported classes, and for the same reasons, she was not properly paid overtime or minimum wage under the FLSA or the CWA.

d. The Plaintiff will fairly and adequately protect the interests of the Classes. She has retained counsel that is experienced in wage and hour class litigation. The Plaintiff and her counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Classes.

48. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for KANDLE and potentially conflicting results for dozens of individual workers in matters involving relatively small individual amounts of damages.

49. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

50. Moreover, KANDLE has acted on grounds generally applicable to the Classes.

51. On information and belief, no other Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation under the FLSA or the CWA.

52. Because of the uniformity of claims alleged in this Complaint and the fact that the Class claims will be the subject of representative documentary evidence and testimony that the law requires the Defendant to maintain with respect to all Class Members, this matter will be easy for the Court to manage within this jurisdiction and venue.

## COUNT I:
### OVERTIME VIOLATION OF THE FLSA
**Failure to Pay Overtime Earned Pursuant to 29 U.S.C. § 207**

53. Bodi hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

54. Bodi regularly worked in excess of 40 hours in a workweek during her employment with the Defendant.

55. Bodi was misclassified as an overtime exempt employee.

56. Bodi's salary was not enough to qualify her as an overtime exempt salaried employee under the FLSA.

57. Even if Bodi's salary was high enough, Bodi did not perform the requisite duties to qualify for any of the overtime exempt salaried employee positions under the FLSA.

58. The Defendant failed to pay Bodi an overtime premium during the entirety of her employment.

59. Under the FLSA, Bodi was a non-exempt salaried employee entitled to be paid an overtime premium at the rate of 1.5 times her regular rate of pay for each hour worked in excess of 40 during each workweek.

60. Under the FLSA, the Defendant was required to include Bodi's non-discretionary bonus in the calculation of the regular rate of pay.

61. The Defendant employed Bodi for approximately 10.5 weeks, and the Plaintiff worked in excess of 40 hours during 9 of those weeks.

62. The Defendant failed to maintain records of Bodi's hours worked.

63. Throughout her employment, Bodi maintained a log of her hours and is owed an overtime premium for approximately 260 hours of overtime work.

64. Bodi, and those similarly situated to her, were not exempt from having to be paid overtime when working over 40 hours per week.

65. Those similarly situated salaried employees' overtime was likewise improperly withheld as described above, and as a result, they also did not receive any of the overtime pay to which they were lawfully entitled under the FLSA.

66. The Defendant's failure to pay overtime as required by the FLSA was willful as to Bodi and the FLSA Class Members.

67. Bodi and the FLSA Class Members are owed their overtime, liquidated damages, and the reasonable costs and attorney's fees of this litigation pursuant to the FLSA.

## COUNT II:
## MINIMUM WAGE VIOLATION OF THE FLSA
### Failure to Pay at Least Minimum Wage Pursuant to 29 U.S.C. § 206

68. Bodi hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

69. During the first 4.5 weeks of her employment, Bodi was paid a weekly salary of $500.

70. When Bodi transferred to Colorado, her weekly salary increased to $600.

71. During three weeks of her employment with the Defendant, Bodi's salary was not enough to compensate her at the rate of $7.25 for all hours worked.

72. During the week May 24, 2021, Bodi worked 92.4 hours, and her hourly wage based on her weekly salary was only $5.41.

73. During the week of June 7, 2021, Bodi worked 82.05 hours, and her hourly wage based on her weekly salary was only $6.09.

74. During the week of June 20, 2021, Bodi worked 87.63 hours, and her hourly was based on her weekly salary was only $6.85.

75. Bodi is owed the difference between the federal minimum wage and what she was paid for all hours worked during the above three weeks of her employment.

76. Those similarly situated employees' salaries were likewise not sufficient to compensate them for at least minimum wage for all hours worked during all weeks of employment, and as a result, they are also entitled to the difference between what they were paid and minimum wage for all hours worked.

77. The Defendant's failure to pay minimum wage as required by the FLSA was willful as to Bodi and the FLSA Class Members.

78.     Bodi and the FLSA Class Members are owed their minimum wages, liquidated damages, and the reasonable costs and attorney's fees of this litigation pursuant to the FLSA.

**COUNT III**
**OVERTIME VIOLATION OF THE CWA AND THE COMPS ORDER**
**Failure to Pay Overtime Earned Pursuant to C.R.S. § 8-4-101, et seq. and 7 C.C.R. 1103-1**

79.     Bodi hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

80.     Bodi regularly worked in excess of 40 hours in a workweek during her employment with the Defendant.

81.     Bodi was misclassified as an overtime exempt employee.

82.     Bodi's salary was not enough to qualify her as an overtime exempt salaried employee under the COMPS Order #37.

83.     Even if Bodi's salary was high enough, she did not perform the requisite duties to qualify for any of the overtime exempt salaried employee positions under the COMPS Order #37.

84.     The Defendant failed to pay Bodi an overtime premium during the entirety of her employment in Colorado.

85.     Under the COMPS Order, Bodi was a non-exempt salaried employee entitled to be paid an overtime premium at the rate of 1.5 times her regular rate of pay for each hour worked in excess of 40 during each workweek.

86.     Under the COMPS Order, the Defendant was required to include Bodi's non-discretionary bonus in the calculation of the regular rate of pay.

87.     Under the COMPS Order, where there is not a clear and mutual understanding that the salary paid to a non-exempt employee is compensation for all hours worked, the regular rate is to

11

be calculated by dividing the salary and bonus paid for a given week by 40 hours. 7 C.C.R. 1103-1, Rule 1.8.2(B).

88. In order for there to be a clear and mutual understanding, the employee must be paid at least the applicable minimum wage for all hours and their pay must be supplemented by extra pay for all overtime hours. 7 C.C.R. 1103-1, Rule 1.8.2(A)

89. Bodi was not paid at least the Colorado minimum wage in almost every week worked in Colorado and Bodi's pay was not supplemented by extra pay for overtime hours worked.

90. The Defendant employed Bodi in Colorado for approximately 6 weeks, and Bodi worked in excess of 40 hours during 5 of those weeks.

91. Bodi is owed an overtime premium under the CWA and the COMPS Order for approximately 128 hours of overtime work in Colorado.

92. Bodi, and those similarly situated to her, were not exempt from having to be paid overtime when working over 40 hours per week.

93. Those similarly situated salaried employees' overtime was likewise improperly withheld as described above, and as a result, they also did not receive any of the overtime pay to which they were lawfully entitled under the CWA.

94. The Defendant's failure to pay overtime as required by the CWA was willful as to Bodi and the Colorado Class Members.

95. On September 23, 2022, Bodi filed this Complaint on behalf of herself and the Colorado Class Members and will thereafter serve the Defendants with this Complaint as a demand for the payment of her and the Colorado Class Members wages in the form of this Complaint pursuant to C.R.S. § 8-4-109, through the undersigned counsel.

96. Bodi and the Colorado Class Members are owed their overtime, penalties, and the reasonable costs and attorney's fees of this litigation pursuant to the CWA and the COMPS Order.

**COUNT IV**
**MINIMUM WAGE VIOLATION OF THE CWA AND THE COMPS ORDER**
**Failure to Pay at Least Minimum Wage Pursuant to C.R.S. § 8-4-101, et seq. and 7 C.C.R. 1103-1**

97. Bodi hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

98. For all time worked in Colorado, Bodi's weekly salary was $600.

99. During the four weeks of Bodi's employment with the Defendant in Colorado, her salary was not enough to compensate her at the rate of $12.32 for all hours worked.

100. During the week of June 20, 2021, Bodi worked 87.63 hours, and her hourly was based on her weekly salary was only $6.85.

101. During the week of June 27, 2021, Bodi worked 65.75 hours, and her hourly was based on her weekly salary was only $9.13.

102. During the week of July 11, 2021, Bodi worked 77.71 hours, and her hourly was based on her weekly salary was only $7.72.

103. During the week of July 18, 2021, Bodi worked 51.63 hours, and her hourly was based on her weekly salary was only $11.62.

104. Bodi is owed the difference between the 2021 Colorado minimum wage and what she was paid for all hours worked during the above four weeks of her employment.

105. Those similarly situated employees' salaries were likewise not sufficient to compensate them for at least Colorado minimum wage for all hours worked during all weeks of employment,

and as a result, they are also entitled to the difference between what they were paid and Colorado minimum wage for all hours worked.

106.  The Defendant's failure to pay minimum wage as required by the CWA was willful as to Bodi and the Colorado Class Members.

107.  Bodi and the Colorado Class Members are owed their minimum wages, penalties, and the reasonable costs and attorney's fees of this litigation pursuant to the CWA and the COMPS Order.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of the Class Members, respectfully asks that the Court enter judgment against the Defendant and award the Plaintiff, and the Class Members:

A. As soon as practicable, certification of this case as a class and collective action under the F.R.C.P. 23, appointment of the Plaintiff as class representative of the FLSA Class and the Colorado Class and the undersigned attorneys from the Sawaya & Miller Law as class counsel, and notice of the action to all Class Members;

B. A declaratory judgment condemning the Defendant's willful violations of the FLSA and the CWA;

C. A preliminary injunction prohibiting the Defendant from continuing any illegal wage and hour policies and practices of failing to pay proper compensation for minimum wage and overtime work;

D. A permanent injunction prohibiting the Defendant from continuing any illegal wage and hour policies and practices of failing to pay proper compensation for minimum wage and overtime work;

E.  Back wages reflecting the overtime and minimum wage compensation due to the Plaintiff and the Class Members;

F.  A finding that Defendant's behavior was willful;

G.  All applicable statutory damages and penalties provided under the FLSA and the CWA to the Plaintiff and the Class Members;

H.  A service payment to the Plaintiff for her services to Class Members;

I.  Reasonable attorney's fees incurred in bringing this action;

J.  The costs of this action;

K.  An order requiring the Defendant to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

L.  Any other and further relief that may be equitable and just.

> Respectfully submitted,
> */s/ David H. Miller*
>
> _____
>
> David H. Miller (8405)
> Victoria Guzman (55401)
> **Sawaya & Miller Law Firm**
> 1600 Ogden Street
> Denver, Colorado 80218
> 303-551-7667
> dhmiller@sawayalaw.com
> vguzman@sawayalaw.com
>
> *Attorneys for Plaintiff Alaina Bodi, individually and on behalf of all others similarly situated*