Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  22-cv-02491-KAS

ALAINA BODI, Individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

KANDLE DINING SERVICES, INC.,

     Defendant.

---

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

---

WHEREAS on September 23, 2022, Plaintiff Alaina Bodi ("Plaintiff" or "Named Plaintiff") filed the above pending captioned civil action in the United States District Court for the District of Colorado against Kandle Dining Services, Inc. ("Defendant"), on behalf of herself and other similarly-situated current and former employees of Defendant (the "Lawsuit");

WHEREAS, in the Complaint, the Named Plaintiff asserts, on behalf of herself and a proposed class of employees and former employees, violations of the Fair Labor Standards Act ("FLSA"), the Colorado Wage Act ("CWA"), and the applicable Colorado Overtime and Minimum Pay Standards ("COMPS") Orders, and seeks back wages reflecting the overtime and minimum wage compensation for Defendant's alleged failure to pay all wages allegedly due;

WHEREAS, Defendant denies all allegations and asserts that all employees were properly classified as exempt under the FLSA and under Colorado law and were properly paid all earned wages;

WHEREAS, the Parties conducted a mediation conference in Littleton, Colorado, on June 22, 2023 before Kathryn E. Miller of Littleton Alternative Dispute Resolution, Inc.;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that could have been brought in the Lawsuit;

**NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:**

**DEFINITIONS.**  The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1.   **Rule 23 Class**. Rule 23 Class, or Settlement Class shall mean "All salaried kitchen and dining hall employees who worked for Kandle Dining Services, Inc. in camps throughout Colorado between May 21, 2020, and the date this agreement is signed."  If there is any dispute regarding the class membership of any employee, the individual employment and payroll records maintained by Defendants as to that employee will be presumed accurate absent clear and convincing evidence to the contrary.  As explained below, the Parties will seek Rule 23 certification of the Settlement Class for settlement purposes only.

1.2.   **Rule 23 Class Members**. Rule 23 Class Members means all those included within the definition of the Rule 23 Class who do not timely exclude themselves from this Settlement Agreement as set forth in paragraph 12 *infra*.

1.3.   **Rule 23 Class Period**. Class Period is defined as the period from May 21, 2020, to the date this agreement is signed.

1.4.   **Excluded Rule 23 Class Member**. Excluded Rule 23 Class Member means a Class Member who timely follows the procedure specified in paragraph 12 *infra* and in the Class Notice approved by the Court to validly "opt out" of the Settlement.

1.5.   **Participating Rule 23 Class Member.**  A Participating Rule 23 Class Member means a Rule 23 Class Member who timely cashes his/her settlement check.

1.6.   **Non-Participating Rule 23 Class Member.**  A Non-Participating Rule 23 Class Member means a Rule 23 Class Member who did not timely opt-out of the Settlement but who fails to timely cash his/her settlement check.

1.7.   **FLSA Collective Action Members**. FLSA Collective Action Members means those salaried kitchen and dining hall employees who worked for Kandle Dining

Services, Inc. at any camp location in the United States between May 21, 2020, and the date this agreement is signed, who timely file a FLSA Opt-in Form indicating their intention to opt-in to this action.

1.8.    **FLSA Claims**. FLSA Claims shall refer to all wage and hour claims arising under the FLSA, including, without limitation, claims for unpaid overtime, minimum wage violations, and liquidated damages.

1.9.    **FLSA Opt-in Form**. FLSA Opt-in Form shall refer to the claim form that a Class Member must sign and return to the Settlement Administrator to receive a portion of the Net Settlement Fund.  The Parties' proposed FLSA Opt-in Form is attached to the concurrently filed Motion for Preliminary Approval as Exhibit 3.

1.10.   **Class Notice**. Class Notice means the Court-approved Class Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, Conditional Certification of the Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached as Exhibit 2 to the concurrently filed Motion for Preliminary Approval.

1.11.   **Class Counsel**. Victoria E. Guzman and David H. Miller of The Wilhite Law Firm.

1.12.   **Defendant's Counsel.**  Evan H. Smithers and Ryan P. Lessmann of Jackson Lewis P.C.

1.13.   **The Parties.** The Parties means the Settlement Class (including the Named Plaintiff) and Defendant, collectively.

1.14.   **Fairness Hearing**. Fairness Hearing means the hearing before the Court relating to the Motion for Final Approval.

1.15.   **Final Approval**. Final Approval means that the Settlement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Tenth Circuit has declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

1.16.   **Final Approval Order**. Final Approval Order means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks and Service Award, and that dismisses the Lawsuit, with prejudice.

1.17.   **Settlement Fund.**  Settlement Fund means the full $777,500.00 settlement amount to be paid by Defendants pursuant to this Settlement Agreement in

satisfaction of all Rule 23 Claims and all FLSA claims.

1.18.    **Net Settlement Fund**. The anticipated Net Settlement Fund means the full $508,333.33 settlement amount to be paid by Defendants pursuant to this Settlement Agreement less deductions for: (1) Court-approved attorneys' fees and costs for Class Counsel; and (2) Court-approved Service Award to Named Plaintiff.

1.19.    **FLSA Opt-In Period.**  The FLSA Opt-In Period will run for seventy-five (75) days from the date the Settlement Administrator mails the Notice of Class and Collective Action Settlement (Ex 2, filed concurrently) to the Potential FLSA Collective Action Members.

1.20.    **Rule 23 Opt-out Period**. The Rule 23 Opt-out Period will run for seventy-five (75) days from the mailing of the Notice of Class and Collective Action Settlement (Ex 2, filed concurrently) to the Potential Rule 23 Class Members.

1.21.    **State Claims or Rule 23 Claims**. State Claims or Rule 23 Claims shall refer to all wage and hour claims, including, without limitation, claims for unpaid overtime and minimum wages, and penalties, arising under the laws of the State of Colorado.

1.22.    **Rule 23 Compensation.** Rule 23 Compensation means amounts paid in satisfaction of State Claims for allegedly unpaid minimum or overtime wages and/or penalties.

1.23.    **Liquidated Damages Compensation.** Liquidated Damages Compensation means liquidated damages available only to those individuals who file a FLSA Opt-in Form, becoming FLSA Collective Action Members.

1.24.    **Potential Class Members.** All salaried kitchen and dining hall employees who worked for Kandle Dining Services, Inc. at any camp location in the United States between May 21, 2020, and the date this agreement is signed.

1.25.    **Class Members.** All Rule 23 Class Members and FLSA Collective Action Members.

1.    This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiff, individually and on behalf of herself and the Class Members and Defendant and sets forth the terms and conditions of the settlement of the Lawsuit (the "Settlement").  This Settlement is subject to the approval of the Court.

**NO ADMISSION**

2.  Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, willfulness, lack of good faith, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

3.  In addition, and also without limiting the generality of the foregoing, nothing about this Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Lawsuit or any other action for adversarial, rather than settlement purposes. While Defendant has agreed that class certification is appropriate for settlement purposes, this stipulation is for purposes of this Settlement only and Defendant maintains that class certification would be inappropriate if the Parties were to continue litigating the Lawsuit. If the Settlement Agreement is not finally approved by the Court, Defendant's stipulation to certification of the above class for settlement purposes only shall be null and void and may not be used or relied upon by the Named Plaintiff, Class Counsel, or any Class Member for any purposes.

**INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL**

4.  Class Counsel and Defendant's Counsel, respectively, have conducted extensive investigation into the facts relating to the claims alleged, and have made a thorough study of the legal

principles applicable to the claims asserted against Defendant.  Class Counsel have conducted a thorough investigation into the facts relevant to the various claims.  Class Counsel has exercised independent judgment and have determined that this Settlement Agreement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendant.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Named Plaintiff  and Class Members. Defendant and Defendant's Counsel also agree that this Settlement Agreement is reasonable and fair.

5. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement and to dismiss the Lawsuit with prejudice upon complete performance of the terms and conditions of the Settlement Agreement.

**SETTLEMENT FUND AMOUNTS, PROVISONS AND ALLOCATIONS**

6. **Settlement Fund.**  Defendant agrees to pay $777,500.00 (Seven Hundred Seventy-Seven Thousand Five Hundred Dollars and Zero Cents), inclusive of attorneys' fees, expenses/costs, and Service Award to the Named Plaintiff, to settle the Lawsuit.  This sum shall be referred to herein as the "Settlement Fund."  Defendant shall not be required to set aside, deposit or transfer any funds until after the Settlement Effective Date as defined below.  The Net Settlement Fund

(net of Court-approved attorney's fees and Named Plaintiff's Service Award) shall be divided into two component parts, as set forth below.

    a. **Individual Settlement Payments**. Each Potential Class Members' claims against the Net Settlement Fund will be calculated as follows:

Gross recovery = ($508,333.33) / (total number of workweeks of all Potential Class Members during the relevant period)[1] x (# of workweeks Potential Class Member worked during the relevant period).

"Workweek" is defined as any calendar week, Monday through Sunday, during which a Potential Class Member worked on one or more days. Each Participating Rule 23 Class Member and each FLSA Collective Action Member will receive as his/her/their settlement amount the result of the formula provided in this ¶ 6. For the individuals who are both Participating Rule 23 Class Members and FLSA Collective Action Members, they will receive as his/her/their settlement amount the result of the formula provided in this ¶ 6, with the # of workweeks worked during the relevant period calculated by adding the total number of workweeks worked in Colorado to the total number of workweeks worked.[2]

    b. **Excess Funds After Satisfaction of Settlement Payments:** Should the total claims against the Net Settlement Fund be valued (under the formula above) at less than $350,000.00, an amount that equals the difference between $350,000.00 and the total claims against the Net Settlement Fund will be paid to a *cy pres* designated by Class Counsel. The remainder of the unclaimed Net Settlement Fund will revert back to

---

[1] For the individuals who are both Potential Rule 23 Class Members and Potential FLSA Collective Action Members, the total workweeks worked in Colorado shall be added to the total workweeks worked by the individual to account for the individual's Rule 23 Claims and FLSA Claims.

[2] E.g. If a Potential Class Member worked a total of 10 workweeks for Defendant during the relevant period, of which, 5 of those workweeks took place in Colorado, the Potential Class Member's number of workweeks for purposes of the formula in ¶ 6 shall be 15 workweeks.

Defendant after payment to the *cy pres*. Should the total claims against the Net Settlement Fund be valued (under the formula above) in excess of $350,000.00, the entire unclaimed amount of the Net Settlement Fund will revert back to Defendant.

7. **Tax Treatment of Settlement Payments:** The Settlement Funds paid to each FLSA Collective Action Member and each Participating Class Member, not including any Service Award paid to the Named Plaintiff, shall be allocated as follows: (1) 50 percent of the total payment shall be deemed wages; and (2) 50 percent of the total payment shall be allocated to Liquidated Damages Compensation. The wage portion shall be subject to deductions as required by law and shall be reported on an IRS Form W-2 issued to the payee. The Liquidated Damages Compensation portion shall be paid without deductions, but a Form 1099 will be issued as required by law. All employer-paid and due taxes on the wage portions of this Settlement Agreement shall be paid by Defendant, and no portion of said taxes shall be drawn from the Settlement Fund.

   a. **Class Representative Service Award:** The $15,000.00 representative Service Award payable to Plaintiff Alaina Bodi shall be deemed penalties subject to no withholdings and reported on an IRS Form 1099-MISC.

8. **Settlement Effective Date.** The Settlement Agreement shall become effective on the "Settlement Effective Date," which is defined as the date by which the Court's Final Judgment and Order finally approving the Settlement Agreement and dismissing with prejudice all claims encompassed by this Settlement Agreement becomes final. For purposes of the paragraph, the Court's Final Judgment and Order becomes final upon the later of: (1) the date when the time for appeal of the Court's final approval of this Settlement Agreement has expired; or (2) the date of the final resolution or dismissal of any appeal or other judicial review of the Settlement Agreement if an appeal has been filed.

9.  **Administration of Settlement.** Defendant shall have the sole discretion to choose a settlement administrator to administer the settlement ("Settlement Administrator"); any such costs to be borne by Defendant.  No portion of such costs will be paid from the Settlement Fund.

10. **Attorneys' Fees and Expenses/Costs:** Class Counsel will apply to the Court (and Defendant will not oppose) for payment from the Settlement Fund of no more than $254,166.67 in attorneys' fees and litigation expenses/costs, which amounts to a total of 33 and 1/3 percent of the Settlement Fund, less the Service Award to the Named Plaintiff.  The total attorneys' fees and expenses/costs actually paid from the Settlement Fund will be subject to approval by the Court in its Final Order.  The enforceability of this Settlement Agreement is contingent on the approval of the above-stated amount of attorneys' fees and expenses/costs awarded.

11. **Service Award to The Named Plaintiff:** Class Counsel will apply to the Court (and Defendant will not oppose) for a payment from the Settlement Fund of $15,000.00 (Fifteen Thousand Dollars and Zero Cents) to the Named Plaintiff in total Service Awards, in recognition of her role and participation as Named Plaintiff providing information and assistance to Class Counsel and the release of her claims.  These amounts shall be in addition to her shares from the Net Settlement Fund.  The enforceability of this Settlement Agreement is contingent on approval of the above-stated Service Award by the Court. In further consideration of the Service Award, the Named Plaintiff and Defendant shall execute a mutual general release of all claims.

### NOTICE AND PAYMENT PROCEDURES

12. **Notice & Payment Procedure:**

    a.  **Joint Motion for Preliminary Approval of Settlement Agreement:** As soon as practicable after the full execution of this Agreement, Class Counsel, on behalf of the

Named Plaintiff and the Potential Class Members, together with Defendant's Counsel, shall file with the Court a join motion seeking an order: (1) certifying the Rule 23 Class and FLSA Collective Action for purposes of settlement only and granting Preliminary Approval of the settlement set forth in this Agreement as fair, reasonable, and adequate and in the best interests of the Named Plaintiff and the Class Members (the "Preliminary Approval Order"); (2) approving a Notice of Proposed Class and Collective Action Settlement and Hearing ("Notice"), a copy of which is concurrently filed as Exhibit 2; (3) approving an Opt-In Form, a copy of which is concurrently field as Exhibit 3; (4) approving an Election to Opt-Out Form ("Opt-Out Form"), a copy of which is concurrently filed as Exhibit 4; (5) authorizing the sending of the Notice, Opt-In Form, and Opt-Out Form to all individuals identified as Potential Class Members via mail, email, text, and Whatsapp, to the extent this contact information is available; (6) appointing Class Counsel as counsel for the Rule 23 Class and the FLSA Collective Action Class; (7) appointing Named Plaintiff as class representative; (8) appointing CAC Services Group, LLC ("CAC"), as Settlement Administrator; (9) setting a date for the execution and return of Opt-In Forms and Opt-Out Forms (the "Response Deadline") which shall be seventy-five (75) days after the first round of sending the Notice, Opt-In Forms, and Opt-Out Forms; and (10) scheduling a hearing for the final approval of the Agreement and entry of a Final Judgment and Order dismissing with prejudice all claims encompassed by the Agreement (the "Final Fairness Hearing").

b. **Notifications to Appropriate Federal and State Officials:** No later than ten (10) days after this Agreement is submitted to the Court, Defendant's Counsel shall provide notice of the proposed class action settlement to the appropriate state officials and the

Attorney General of the United States pursuant to 28 U.S.C. § 1715.

c. **Defendant Provides Potential Class Member List to Administrator:** Within seven
(7) days after the Court enters an order preliminarily approving this settlement
agreement, Defendant will provide to the Settlement Administrator a list of the names
and known contact information (including, but not limited to, mailing addresses, email
addresses, cell phone numbers, passport number and country of residence for those
foreign workers it employed, Whatsapp numbers, and the last four digits of social
security numbers, to the extent Kandle possesses or has access to this information) of
all Potential FLSA Collective Action Members and Potential Rule 23 Class Members.
The potential members of the FLSA Collective Action are those kitchen and dining
staff employees who worked for Kandle at any camp location in the United States
between May 21, 2020, and the date this agreement is signed. The potential members
of the Rule 23 Class are those kitchen and dining staff employees who worked for
Kandle at any camp location in Colorado between May 21, 2020, and the date this
agreement is signed.

d. **Administrator Sends First-Round Notice to Potential FLSA Collective Action
Members and Potential Rule 23 Class Members:** Within fourteen (14) days after
the Court enters an order preliminarily approving this settlement agreement, the
Settlement Administrator will send the first-round notice (attached as Exhibit 2 to the
Motion for Preliminary Approval, along with Exhibits 3 and 4) via mail, email, text,
and Whatsapp, to the extent available, to the contact information for each such
individual. Any mailed Notice returned as undeliverable shall be sent to the forwarding
address affixed thereto. If no forwarding address is provided, the Settlement

Administrator shall inform the parties of that fact and perform a standard electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address.

    i.   The Notice will inform the Potential Rule 23 Class Members about this Agreement and their opportunity to file Opt-Out Forms and/or object to the settlement.

        • The Notice will advise the Potential Rule 23 Class Members that they may object to the settlement either before or during the Final Fairness Hearing.

    ii.  The Notice will inform the Potential FLSA Collective Action Members about this Agreement and their opportunity to file Opt-In Forms to participate in the settlement.

**e.  Class Counsel Provides Second-Round Distribution Information to Settlement Administrator:** On the thirty-first (31st) day after sending the first-round notice, the Settlement Administrator will provide counsel for the Parties with a list of the names and known contact information, as noted in 12(a) *supra*, for all potential FLSA Collective Action Members who had not yet returned a signed Opt-In Form. Class Counsel shall have seven (7) days to attempt to find and confirm updated contact information for the potential FLSA Collective Action Members. Class Counsel may attempt to contact potential FLSA Collective Action Members solely for the purpose of confirming and/or updating contact information. During these communications, Class Counsel will limit the information provided to potential FLSA Collective Action

Members to the information that is approved by the Court on the first page of the Notice, filed concurrently as Exhibit 2.[3] On the thirty-eighth (38th) day after sending the first-round notice, Class Counsel shall provide the Settlement Administrator and Defendant's counsel with a list of the names and updated contact information for potential FLSA Collective Action Members.

f. **Administrator Sends Second-Round Notice to Potential FLSA Collective Action Members and Potential Rule 23 Class Members:** Within seven (7) days of receiving updated contact information from Class Counsel (or the forty-fifth (45th) day after sending the first-round notice), the Settlement Administrator will send the second-round notice (attached as Exhibit 2, along with Exhibits 3 and 4) to the contact information for each potential Class Member.  The Parties agree that the deadlines contained herein shall not be extended for Potential Class Members whose Notices were returned as undeliverable and re-mailed pursuant to this paragraph. The notice period for potential Class Members shall conclude on the seventy-fifth (75th) day after sending the first-round notice.  No Potential Class Member shall be subject to any coercion or retaliation of any kind based on their decision to participate or not to participate in or claim funds provided by this Settlement Agreement, but they shall be given notice that if they have questions, they may contact Class Counsel.

g. **Administrator Calculates Individual Settlement Payments:**    Within eighty-four (84) days after the Court enters an Order preliminarily approving this Settlement Agreement, the Administrator will calculate the total amount each Potential Class Member may claim from the Net Settlement Fund using the formula provided in

---

[3] This provision does not limit Class Counsel from speaking with potential Class Members should the potential Class Members contact Class Counsel as outlined in the remainder of the Notice.

paragraph 6 *supra* and send the list of sums to Class Counsel and Defendant's Counsel.

**h.  FLSA Collective Action Members:** Those potential FLSA Collective Action Members who return a FLSA Opt-in Form, concurrently filed as Exhibit 3, indicating their intention to opt-in to this action to the Settlement Administrator within seventy-five (75) days after sending the first-round notice of the settlement will become FLSA Collective Action Members qualified to receive a payment from the Net Settlement Fund in the individual amount equal to the result of the formula provided in paragraph 6 *supra*..

**i.  Rule 23 Notice/Exclusion Period:** The Rule 23 Notice Period will run concurrently with the FLSA Notice Period, and shall conclude seventy-five (75) days after the Settlement Administrator sends first-round notice to the Rule 23 Class.  Anyone who wishes to be excluded from the Settlement Class must complete and return the Opt-Out form (Exhibit 3) to the Settlement Administrator prior to conclusion of the Notice Period.  Those potential Rule 23 Class Members who opt-out or exclude themselves from this Settlement Agreement within the seventy-five (75) day notice period will become Excluded Rule 23 Class Members.

    **i.  Excluded Rule 23 Class Members.** Those Excluded Rule 23 Class Members who opt-out or exclude themselves from this Settlement Agreement will not be entitled to Rule 23 Compensation..

    **ii.  Rule 23 Class Members.** All Rule 23 Class Members who do not opt-out or exclude themselves from this Settlement Agreement will be entitled to Rule 23 Compensation in the individual amount equal to the result of the formula provided in paragraph 6 *supra*.

iii. **Objections to Settlement Agreement:** Any Rule 23 Class Member, other than the Named Plaintiff, may object to this Settlement in writing, as set out in the Order setting the Final Fairness Hearing. For an objection to be considered by the Court, the objection must be postmarked no later than [date to be added (75 days from mailing date)]. The objection must set forth: (i) the name of the lawsuit; (ii) the objector's full name, address, and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector and/or his or her counsel; (v) the identity of all counsel who represent the objector; (vi) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature. Such written objection and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than [ (75 days from mailing date)]. No person shall be entitled to be heard at the Final Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Fairness Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein. None of the Parties, their counsel, or any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement, to request exclusion from the Settlement Class, or to appeal from any order of the Court that is consistent with the terms of this Settlement.

**j. Joint Motion for Final Approval of Settlement Agreement:** Following the conclusion of all notice periods, the Parties shall prepare and file a Joint Motion for Final Approval of the Settlement Agreement and Entry of Final Judgment and Order of Dismissal with Prejudice. The Parties will file this Joint Motion within fourteen (14) days after the Notice and Response Period concludes. Class Counsel shall file with that motion a declaration by Class Counsel outlining the completion of the notice distribution plan. Class Counsel shall also file with that motion lists of the names of (1) the FLSA Collective Action Members who executed and returned FLSA Opt-in Forms, (2) the Excluded Rule 23 Class Members who requested to be excluded from the Rule 23 Class as provided in the Notice, and (3) the Rule 23 Class Members who submitted objections as provided in the Notice. Class Counsel shall also file with that motion copies of all executed and returned FLSA Opt-in Forms, as well as copies of any requests for exclusion and copies of any objections. Class Counsel will file at that time a separate motion for an award of attorneys' fees and reimbursement of expenses/costs. In the Motion for Final Approval, the Parties will apply to the Court for an Order finally approving the Settlement as fair, adequate and reasonable, and will submit a proposed final order and judgment that accomplishes the following:

    **i.** Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    **ii.** Approves the Service Award of $15,000.00 to the Named Plaintiff in recognition of her role as the Named Plaintiff;

    **iii.** Approves Class Counsel's application for an award of attorneys' fees of not more than $254,166.67;

    **iv.** Excludes from the Settlement Class those persons who properly and timely have

requested exclusion; and

    **v.** Dismisses the Lawsuit on the merits and with prejudice and permanently bars all Rule 23 Class Members and FLSA Collective Action Members from prosecuting any claims released by the terms of this Settlement Agreement.

**k. Plaintiff's Motion for Approval of Attorney's Fee:** Plaintiff shall prepare and file a Motion for approval of the attorney's fees awarded by this Settlement Agreement within fourteen (14) days after the conclusion of the Notice and Response Period.

**l. Final Fairness Hearing:** The Court will hold a fairness hearing to hear objections to and consider the fairness and adequacy of this Settlement Agreement pursuant to Fed.R.Civ.P. 23(e)(2). The Court will hold this hearing on a date to be determined but not fewer than one hundred ten (110) days after the Court enters its Order preliminarily approving this Settlement Agreement.

**m. Order of Final Approval:** Should the Court grant the parties' Joint Motion for Final Approval of Settlement Agreement and Entry of Final Judgment and Order of Dismissal with Prejudice, the Class Members and Named Plaintiff releases provided herein shall become effective and payment will proceed as follows.

**n. Defendant Provides Settlement Funds to Settlement Administrator:** Defendant shall provide all Settlement Funds to the Settlement Administrator within fourteen (14) days after the Effective Date of this Agreement.

**o. Administrator Sends First-Round Settlement Checks:** The Settlement Administrator shall send settlement checks to each FLSA Collective Action Member and to each Rule 23 Class Member within twenty-one (21) days after the Effective Date of this Agreement. Any Settlement Checks paid to the Class Members shall

remain valid and negotiable for ninety (90) calendar days after their issuance and shall thereafter be automatically cancelled with the funds reflected therein to be paid out as designated in Sections 12(t) though 12(v) below. For any Settlement Checks that are returned to the Settlement Administrator with a forwarding address, the Settlement Administrator will send the check to that forwarding address. For any Settlement Checks returned to the Settlement Administrator with no forwarding address, the Settlement Administrator shall attempt to determine a correct address using skip tracing and other reasonable efforts in conformity with the standards of the class action administration industry. The Settlement Administrator shall inform the parties of the identity of the Class Members whose Settlement Checks are returned. If the Settlement Administrator obtains a new address, the Settlement Administrator shall send the Settlement Award check to that new address. The Settlement Administrator shall also send Named Plaintiff her approved Service Award within twenty-one (21) days after the Effective Date of this Agreement.

p. **Payment of Attorney's Fees & Costs:** Within fourteen days (14) days after the Settlement Effective Date, Defendant will pay by check the amount awarded to Class Counsel in attorney's fees and expenses/costs.

q. **Administrator Reports Unclaimed Funds to Counsel:** Within thirty-five (35) days after the settlement checks are sent to the Class Members, for all uncashed checks, the Settlement Administrator shall report the name, contact information, and amounts of each uncashed Settlement check to counsel for the Parties.

r. **Class Counsel Provides Second-Round Distribution Information to Settlement Administrator:** After Class Counsel receives the Reports of Unclaimed Funds from the Settlement Administrator, Class Counsel may thereafter attempt to contact such Class Members to encourage them to cash their Settlement Checks and/or attempt to

locate additional addresses for such Class Members. If Class Counsel locates additional addresses for such Class Members, the Settlement Administrator shall, upon request by Class Counsel, cancel any previously issued checks and reissue the same to the Class Members at the additional addresses provided by Class Counsel. Any reissued checks shall remain valid and negotiable for sixty (60) calendar days after their reissuance and shall thereafter be automatically cancelled with the funds reflected to be paid out as described in Sections 12(t) through 12 (v) below.

s.   **Administrator Reports Unclaimed Funds to Counsel:** Within fourteen (14) days of the completion of the administration, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel (a) a list of Rule 23 Class Members and FLSA Collective Action Members who checks remain uncashed as of the ninety-first (91st) day after the first-round of settlement checks were issued or as of the sixty-first (61st) day after a settlement check was reissued, whichever is later, (b) the total distributed amounts of the Net Settlement Fund attributable to each Rule 23 Class Member and FLSA Collective Action Member, and (c) the total amount of unclaimed settlement funds from the Net Settlement Fund.

t.   **Calculation of *Cy Pres* Funds.** The Settlement Administrator will report to Counsel for the Parties the total claimed amount of the Net Settlement Fund. If the total claimed amount is less than $350,000.00, an amount that equals the difference between $350,000.00 and the total claimed amount of the Net Settlement Fund will be reserved for *cy pres* and will constitute the total *cy pres* funds.

u.   **Remittance of *Cy Pres Funds:*** Within twenty-one (21) days after the completion of the administration, the Settlement Administrator will send all *cy pres* funds to the

designated *Cy Pres* – Towards Justice.

**v. Reversion to Defendant.** Within twenty-eight (28) days after the completion of the administration, the Settlement Administrator will send the unclaimed amounts from the Net Settlement Fund, less any *cy pres* funds, to Defendant as a reversion.

## FULL and COMPLETE SETTLEMENT

**13.** This Agreement settles and compromises fully all claims asserted with respect to the compensation of members of the Class in the Litigation and all claims which have been or might have been asserted based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions alleged in the Litigation.

## COURT APPROVAL

**14.** This Settlement Agreement is subject to approval by the Court.  A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.  In order to exercise the option to void the Settlement as provided in this paragraph, a Party must give notice, in writing, to the other Party or Parties (through their respective counsel of record) and to the Court at any time prior to the Parties' filing a motion for final approval of the Settlement and dismissal of all claims with prejudice.

**15.** If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement or the facts and circumstances leading to it including negotiating over its terms, nor any ancillary documents, actions or filings shall

be admissible or offered into evidence in the Lawsuit, arbitration, or any other action for any purpose. Furthermore, both the parties and their counsel shall maintain the confidentiality of the settlement negotiations and shall not share such discussions with any potential party or any other individual.

16. In the event this Settlement Agreement is not finally approved by the Court, Defendant shall not be obligated to make any payments to anyone under this Settlement Agreement.

17. Should any clause, sentence, provision, section, or part of this Agreement be adjudged by any court of competent jurisdiction, or held by any other governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, section, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**RELEASES**

18. Upon final approval by the Court of this Settlement, the Rule 23 Class Members will release all their claims brought under the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq., Article XVIII, Section 15 of the Colorado Constitution, and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1, that were brought or that could have been brought in this litigation as provided herein up to the date this agreement is signed by the Named Plaintiff and the Defendant. The releases will release and be for the benefit of Releasees, defined as follows: (i) Kandle Dining Services, Inc.; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Kandle Dining Services, Inc.; and (iv) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program

or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan)

of an entity referenced in or encompassed by subsection (i) or (ii) hereof. The scope of the

releases is as follows:

    **a.** All Rule 23 Class Members release and fully discharge Releasees from any and all

claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses,

attorneys' fees, damages, action or causes of action of whatever kind or nature, whether

known or unknown, that were brought or that could have been brought in this litigation.

This includes all claims for compensation of allegedly uncompensated rest break time

and/or pre-shift work, associated alleged unpaid wages, and the resulting liquidated

damages, interest, penalties or fines, that were asserted or could have been asserted in

this lawsuit.  This release includes  all claims under state minimum wage laws, state

wage payment and collection laws, state overtime statutes, claims under state

common law and equitable principles, and express or implied contract claims, arising

from the alleged failures set forth above that were brought or that could have been

brought in this litigation.  This release excludes claims under the Fair Labor Standards

Act.

19. Upon final approval by the Court of this Settlement, the FLSA Collective Action Members

will release all their claims brought under the FLSA that were alleged or that reasonably arise

out of the facts alleged in the Lawsuit.  Rule 23 Class Members who do not submit a FLSA

Opt-in Form and do not become FLSA Collective Action Members do not release their FLSA

claims.  The effect of the dismissal with prejudice of the Lawsuit on any future FLSA claim

brought by any such person will be determined by the court in which any such FLSA claim is

brought.

20. Named Plaintiff, Alaina Bodi, in consideration of her receipt of the Representative Service Award Payment provided by this Settlement Agreement, releases all Released Parties recited in 16 *supra* from all claims of any kind accrued prior to the Date on which this Agreement is ratified.  Defendant, in consideration of Ms. Bodi's release of all claims, releases Ms. Bodi from all claims of any kind accrued prior to the Date on which this Agreement is ratified.

21. There shall be included language on the back of each check sent to all payees stating "I agree to the terms of the Settlement Agreement in *Bodi v. Kandle Dining Services, Inc.* and acknowledge validity of the release/s applicable to me therein." The Parties acknowledge and agree that there is a good faith dispute as to whether such amounts for alleged unpaid wages are owing and the Parties agree that the amount paid to each payee represents a good faith compromise of such dispute.

### MUTUAL FULL COOPERATION

22. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement.

### ENFORCEMENT ACTIONS

23. This Settlement Agreement is fully enforceable in the United States District Court for the District of Colorado. The Parties consent to the jurisdiction of that Court to enforce the

Settlement.

**NOTICES**

24. Unless otherwise specifically provided herein, all notices, demands or other communications

given hereunder by any party to this Settlement Agreement shall be in writing and shall be

deemed to have been duly given as of the third business day after mailing by first class or

certified mail, or overnight carrier, return receipt requested, addressed as follow:

To Class Counsel:

> David H. Miller
> Victoria Guzman
> The Wilhite Law Firm
> 1600 N. Ogden Street
> Denver, CO. 80218

To Defendant:

> Ryan Lessmann
> Evan Smithers
> JACKSON LEWIS P.C.
> 950 17th St. #2600
> Denver, CO 80202

**CONSTRUCTION**

25. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result

of lengthy, intensive, arm's length negotiations between the Parties. This Settlement

Agreement has been drafted jointly by counsel for the Parties and shall not be construed in

favor of or against any Party.

**CAPTIONS AND INTERPRETATIONS**

26. Paragraph titles or captions contained herein are inserted as a matter of convenience and for

reference, and in no way define, limit, extend or describe the scope of this Settlement

Agreement or any provision hereof. Each term of this Settlement Agreement is contractual

and not merely a recital.

**MODIFICATION**

27. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement.  This Settlement Agreement may not be discharged except by performance in accordance  with its terms or by a writing signed by the Parties hereto.

**INTEGRATION  CLAUSE**

28. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement.  No rights hereunder may be waived except in writing.

**BINDING SCOPE; NO PRIOR ASSIGNMENTS**

29. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

**CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY**

30. It is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Member of the Class execute this Settlement Agreement.  The Notice of Class and Collective Action Settlement (Exhibit 2) will advise all

Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Class.

31. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

32. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

33. The Named Plaintiff and authorized signatories for the Defendant will sign this agreement before it is filed with the Court as an Exhibit to the Parties' Joint Motion for Preliminary Approval of this Agreement.

## PUBLICITY

34. Named Plaintiff, Class Counsel, Defendant, and Defendant's Counsel agree to limit any media comments or publications to statements that "the parties were able to reach a mutually acceptable resolution of this matter", or similar language to that effect, except as may be required by law or regulation.  Nothing in this provision shall be construed to limit the ability of Named Plaintiffs or Class Counsel to discuss this settlement in full detail with any Class Member. The inclusion of this provision in the agreement is subject to the Court ruling that the provision is not contrary to public policy or otherwise legally improper.  If the Court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

35. Recipients of settlement funds shall be entitled to disclose settlement terms to tax advisors, immediate family members, and any government entity as required by law.

**COUNTERPARTS**

**36.** This Settlement Agreement may be executed in one or more counterparts, and when each of

the undersigned has signed, either physically or electronically, and delivered at least one such

counterpart, each counterpart shall be deemed an original, and, when taken together with other

signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon

and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in

Portable Document Format sent by email shall be deemed original signatures.  All executed

copies of this Settlement Agreement, and photocopies thereof, shall have the same force and

effect and shall be legally binding and enforceable as the original.

**GOVERNING LAW**

**37.** All terms of this Settlement Agreement shall be governed by and interpreted according to the

laws of the State of Colorado and the United States of America, where applicable.


Agreed this 5th day of September, 2023:


*Alaina Bodi*_____

Alaina Bodi

Class Representative Plaintiff



*David H. Miller*_____

David H. Miller

The Wilhite Law Firm

Class Counsel

Kandle Dining Services, Inc.

By: *Leslie Sanborn*_____

Printed Name: Leslie Sanborn_____

Title:President _____

*Ryan P. Lessmann*_____

Ryan P. Lessmann

Jackson Lewis, P.C.

Counsel for Defendant