Exhibit 2

# IN THE UNITRED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**If you currently work or worked for KANDLE Dining Services, Inc. ("KANDLE") as a salaried kitchen and dining hall employee in camps throughout the United States from May 21, 2020 to the present please read this notice. You may be entitled to payment and other monetary benefits from a settlement that has been reached in *Bodi v. KANDLE Dining Services, Inc.*, Case No. 22-cv-02491-KAS, in the United States District Court for the District of Colorado. The parties have agreed to settle the case, and the Court has preliminary allowed the lawsuit to be a class action on behalf of Kandle salaried kitchen and dining hall employees employed after May 21, 2020. The Settlement offers monetary payment to persons who worked for KANDLE as a salaried kitchen and dining hall employee after May 21, 2020. Records in this case indicate that you may have worked for KANDLE as a salaried kitchen or dining hall employee after May 21, 2020.**

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND COURT HEARING ABOUT THE SETTLEMENT

- This is an official court notice to tell you about a proposed Settlement in the class and collective action lawsuit of *Bodi v. KANDLE Dining Services, Inc.*, which is pending in the U.S. District Court for the District of Colorado as Case No. 22-cv-02491-KAS.

- The Plaintiff in the lawsuit claims that KANDLE Dining Services, Inc. ("KANDLE") violated Colorado and federal wage and hour law by: (A) failing to pay overtime premium compensation for the hours worked in excess of 40 per week; and (B) failing to pay at least the applicable minimum wage for all hours worked in a week. The Plaintiff claims that as a result of these policies, KANDLE failed to pay workers all wages required by law. KANDLE denies the Plaintiff's claims and maintains that its policies were and are legal.

- KANDLE has entered into the Settlement without admitting any wrongdoing or liability and for the sole purpose of avoiding the cost of continuing litigation.

- This Notice describes how you can get paid as part of this Settlement and how you can preserve your legal rights. Please read this Notice carefully.

- David H. Miller and Victoria E. Guzman of The Wilhite & Miller Law Firm have been appointed by the Court as attorneys for the Class ("Class Counsel").

- If you have any questions about this Notice, you can contact Class Counsel at (303) 839-1650 ext. 1077.

**More questions? Contact Leroy Moya at the Wilhite & Miller Law Firm at 303-839-1650 x 1077 or lmoya@wilhitelawfirm.com**  1

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT** | | |
|---|---|---|
| | **If you work/worked in Colorado for at least one workweek** | **If you work/worked anywhere in the U.S. for at least one workweek** |
| **IF YOU DO NOTHING** | **You will be part of the Rule 23 Class, but you will not be a part of the FLSA Collective Action.** The payment for time worked in Colorado determined to be owed to you by the Settlement Administrator will be sent to you, but you will not share in the money from the FLSA Collective Action, **and** you will give up any rights to sue the Defendant separately about the same claims in this lawsuit. | **You will not be part of the FLSA Collective Action.** Give up the possibility of getting money from the settlement. But you keep any rights to sue KANDLE separately about the same legal claims in this lawsuit, if you do so in the applicable statute of limitations. |
| **IF YOU EXCLUDE YOURSELF** | **The Court will exclude you from the Rule 23 Class.** If you complete and return the attached Opt-Out Form by [date to be added (75 days from mailing date)], you will give up the possibility of getting money from the settlement for time worked in Colorado, but you will keep any rights to sue the Defendant separately about the same legal claims in this lawsuit, if you do so in the applicable statute of limitations. | **Not Applicable.** You need not exclude yourself if you do not wish to participate. If you choose to do nothing you give up participation in this lawsuit. |
| **IF YOU RETURN YOUR CONSENT FORM** | **Be part of the FLSA Collective Action.** By returning your Consent Form by [date to be added (75 days from mailing date)], you become a Member of the FLSA Collective Action. The payment determined to be owed to you by the Settlement Administrator will be sent to you, inclusive of the payment for time worked in Colorado. But, you give up any rights to sue KANDLE separately about the same legal claims in this lawsuit. | **Be part of the FLSA Collective Action.** By returning your Consent Form by [date to be added (75 days from mailing date)], you become a Member of the FLSA Collective Action. The payment determined to be owed to you by the Settlement Administrator will be sent to you. But, you give up any rights to sue KANDLE separately about the same legal claims in this lawsuit. |
| **IF YOU OBJECT** | **You may object to the Rule 23 Claims Settlement if you have not filed the Opt-Out Form**. If you wish to object, you may send a letter to the Court and the Parties about why you object by [date to be added (75 days  (*continued on the next page . . . . .*) | **Not Applicable.** You may either choose to participate or do nothing, if you do not wish to participate. |

|  | from mailing date)]. If you have filed a timely objection with the Court, you may ask to speak in Court about why you object to the Settlement at the final fairness hearing in Denver on [date to be added (date of Final Fairness Hearing)]. The hearing location is set out on Page 8 of this Notice. |  |
|---|---|---|

### 1. Why did I get this Notice?

KANDLE's records show that you currently work or previously worked for KANDLE as salaried kitchen and dining hall employee between May 21, 2020, and the present making you a Potential FLSA Collective Action Member. If you worked in Colorado for any portion of your employment as a salaried kitchen or dining hall employee with KANDLE, you are both a Potential FLSA Collective Action Member and Potential Rule 23 Class Member. You have legal rights and options that you may exercise in the case.

### 2. What is a class and collective action and who is involved?

In a class and collective action lawsuit, one or more people sue on behalf of himself, herself, or themselves and others who have similar claims. The employee who has sued is called the Named Plaintiff. The Named Plaintiff is Alaina Bodi. The individuals on whose behalf the Named Plaintiff sues are called Potential Class Members. KANDLE is called the Defendant.

The following claims in the lawsuit are collective action claims: (1) failure to pay overtime in violation of the federal FLSA, 29 U.S.C. § 203, et seq.; and (2) failure to pay minimum wages in violation of the federal FLSA. Additional claims involving Colorado law, C.R.S. § 8-4-101 et. seq and 7 C.C.R. 1103-1, for unpaid overtime and state minimum wages are what is referred to as a "class action." A "class action" and a "collective action" have different requirements for how you participate in or exclude yourself from the case. In a class action, you are automatically included, but in a collective action, you must file a written consent in order to be included in the lawsuit. In a class and collective action, you must separately abide by the requirements for each in order to be included in both the class and the collective action.

### 3. Why is this lawsuit a class and collective action?

The Named Plaintiff who filed the lawsuit worked in Colorado and another state for KANDLE and alleges that there is a group of workers who were subject to the same pay policies and practices no matter which state they worked in. The Named Plaintiff's Colorado state law claims for work completed in Colorado are covered by the class action. The Plaintiff's federal law claims for work completed in Colorado and elsewhere are covered by the collective action.

### 4. Has the Court decided who is right?

The Court has not decided whether the Named Plaintiff or KANDLE are correct. By preliminarily approving of the settlement and authorizing this notice, the Court has not decided the case in favor of either side at this point.

### 5. What does the Settlement Agreement say?

KANDLE will pay $777,500.00 in settlement of this matter. $254,166.67 will be paid to Class Counsel. The Named Plaintiff will receive a $15,000.00 service award to compensate her for her time and effort expended in this action, and for her public service duty to the Class. The service award to the Named Plaintiff shall be in addition to any compensation she is entitled to receive as a Participating Member of the Rule 23 Class and the FLSA Collective Action.

Each Participating Rule 23 Class Member and FLSA Collective Action Member will receive a share of the remaining funds based on the following formula:

Gross recovery = ($508,333.33) / (total number of workweeks of all potential class members during the relevant period) x (# of workweeks Participating Class Member worked during the relevant period).

"Workweek" is defined as any calendar week, Monday through Sunday, during which a Potential Class Member worked on one or more days. The total number of workweeks of all potential class members during the relevant period shall be calculated by adding all workweeks worked in Colorado by Potential Rule 23 Class Members to the total workweeks worked by all Potential FLSA Collective Action Members. If you are a Participating Rule 23 Class Member and a Participating FLSA Collective Action Member, your number of workweeks will be calculated by adding the number of workweeks you worked in Colorado during the relevant period to the total number of workweeks you worked in any state, including Colorado, during the relevant period.

KANDLE will additionally pay the cost of the settlement administration. Complete details of the Settlement are set forth in the Settlement Agreement, which is available upon request from Class Counsel.

### 6. Am I a Rule 23 Class Member?

You are a Rule 23 Class Member if you are a current or former salaried kitchen and dining hall employee, employed by KANDLE in one of more camps in Colorado for at least one workweek between May 21, 2020 and the present, and worked more than 40 hours in a week, but were not paid an overtime premium, and/or were not paid at least Colorado minimum wage for all hours worked in a week. As a Rule 23 Class Member, you are automatically entitled to a share of the settlement proceeds, unless you exclude yourself as described below.

### 7. Am I a FLSA Collective Action Member?

You are a FLSA Collective Member if you are a current or former salaried kitchen and dining hall employee, employed by KANDLE in one of more camps in the United States between May 21, 2020 and the present, and worked more than 40 hours in a week, but were not paid an overtime premium, and/or were not paid at least federal minimum wage for all hours worked in a week **and if you timely submit a FLSA Collective Action Consent Form.** If you timely submit a FLSA Collective Action Consent Form, you are entitled to a share of the settlement proceeds.

### 8. Am I a Rule 23 Class and FLSA Collective Action Member?

You are a Rule 23 Class and FLSA Collective Action Member if you are a current or former salaried kitchen and dining hall employee, employed by KANDLE in one of more camps in Colorado for at least one workweek between May 21, 2020 and the present, and worked more than 40 hours in a week, but were not paid an overtime premium, and/or were not paid at least Colorado or federal minimum wage for all hours worked in a week **and if you timely submit a FLSA Collective Action Consent Form.**

If you are still not sure whether you are included, you can get free help by contacting the lawyers who are representing the Plaintiff in this case by using the contact information listed at the bottom of each page. Otherwise, you may seek legal advice from any attorney of your choice at your own expense.

### 9. What do I have to do in order to participate in the settlement?

Enclosed you will find the green "Consent to Join Collective Action" ("Consent Form"). If you choose to join this lawsuit as a FLSA Collective Member, and thus participate in any recovery that may result from federal FLSA claims, **it is extremely important that you read, sign, and return the Consent Form.** The Consent Form is pre-addressed and postage paid for your convenience. You may also return the Consent Form to the Administrator at:

Attn: [insert Administrator Contact Info]

Should the Consent Form be lost or misplaced, please contact Class Counsel immediately by using the contact information listed at the bottom of each page. The signed Consent Form must be postmarked or sent electronically by [75 days from mailing]. If your Consent Form is not postmarked or sent electronically by **[75 days from mailing], you will not receive any money from the settlement of the federal FLSA claims in this lawsuit.** If you have any questions about filling out or sending in the Consent Form, you may contact Class Counsel by using the contact information listed at the bottom of each page.

If you work or worked in Colorado, you do not have to do anything to participate in settlement of the Colorado state law claims in this lawsuit. However, you still must complete and timely return the Consent Form to be included in the FLSA Collective Action.

If you complete and timely return both the Rule 23 Opt-Out Form and the FLSA Collective Action Consent Form, you will not receive Rule 23 Compensation, but you will receive FLSA Collective Action Compensation. If you only complete and timely return the Opt-Out Form, you will not be considered a Participating Member of either Class and you will not receive any money from the settlement, but you will retain the same legal claims in this lawsuit, but the statute of limitations continues to run on any claims you may have.

### 10. What do I give up by participating in the settlement?

If you participate as a Rule 23 Class Member, you will give up any rights to sue the Defendant separately about the same claims in this lawsuit under Colorado state wage and hour law.

If you participate as a FLSA Collective Action Member, you will give up any rights to sue the Defendant separately about the same claims in this lawsuit under the federal Fair Labor Standards Act.

If you currently have a pending legal claim or lawsuit against Kandle, or if you anticipate filing a future legal claim or lawsuit based on wage-related events that already have taken place, you should promptly consult with your attorney about this settlement and the impact of this release on your current or anticipated legal claims or lawsuits.

**11. Will I be retaliated against for participating in the Settlement?**

No. Neither of the Parties will take any action against any individual for participating or not participating in the Settlement.

**12. What happens if I do nothing at all?**

If you do nothing at all, and do not timely return a signed Consent Form you will not be a participant in the FLSA Collective Action. If you choose not to participate in this FLSA Collective Action, you will not be affected by the settlement in this case and you will not be entitled to share of the settlement amount. You will be free to file your own lawsuit for FLSA claims, although you will have to hire and pay your own lawyer for that lawsuit and you will have to independently prove your FLSA claims. The pendency of this lawsuit will not stop the running of the statute of limitations as to any FLSA claims you may have.

If you worked in Colorado and you do nothing, you are considered to be part of the Rule 23 Class. You will be bound by the settlement and you will be entitled to a share of the settlement proceeds. You will give up any rights to sue the Defendant separately about the same claims in this lawsuit under Colorado state wage and hour law.

If you worked in Colorado and you do nothing, you will be included in the class action for Colorado state law claims, but you will not be included in the collective action for federal FLSA claims as described above.

**13. How do I ask to be excluded?**

If you do not wish to participate in the FLSA Collective Action settlement, you need not do anything, as you will not be included unless you return a Consent Form.

If you worked in Colorado and you do not wish to participate in the Rule 23 Class Action settlement, you may request to be excluded from this class action by signing and sending the red Opt-Out Form, attached to this Notice, to the Administrator at:

Attn: [insert Administrator Contact Info]

**The signed Opt-Out Form must be postmarked or received by [75 days from mailing]. The settlement of the Colorado state law claims will include all Rule 23 Class Members who do not request to be excluded by [75 days from mailing].**

**More questions? Contact Leroy Moya at the Wilhite & Miller Law Firm at 303-839-1650 x 1077 or lmoya@wilhitelawfirm.com**   6

**14. How do I object to the settlement?**

If you are a Rule 23 Class Member, you may object to the Settlement if you have not filed the Opt-Out Form. If you wish to object, you must file any objection with the Court and serve on counsel for the Parties a written statement objecting to the Settlement. For an objection to be considered by the Court, the objection must be postmarked no later than [date to be added (75 days from mailing date)]. The objection must set forth: (i) the name of the lawsuit; (ii) the objector's full name, address, and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector and/or his or her counsel; (v) the identity of all counsel who represent the objector; (vi) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature. Such written objection and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than [date to be added (75 days from mailing date)].

No person shall be entitled to be heard at the Final Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Fairness Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein. Persons who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Persons who are not Rule 23 Class Members may not object to the Settlement.

You can send an objection to the Court at this address:

> Clerk of Court
> U.S. District Court, District of Colorado
> Alfred A. Arraj United States Courthouse, Room A105
> 901 19th Street
> Denver, Colorado 80294
> Attn: *Bodi v. Kandle Dining Services, Inc.,* No. 22-cv-02411-KAS

You can send an objection to the Parties at the following addresses:

| | |
|---|---|
| David Miller and Victoria Guzman | Ryan Lessman and Evan Smithers |
| The Wilhite & Miller Law Firm | Jackson Lewis P.C. |
| 1600 Ogden Street | 950 17th Street, Suite 2600 |
| Denver, CO 80218 | Denver, Colorado 80202 |
| dhmiller@wilhitelawfirm.com | Ryan.lessmann@jacksonlewis.com |
| vguzman@wilhitelawfirm.com | Evan.smithers@jacksonlaweis.com |
| *Class Counsel* | *Counsel for KANDLE* |

**More questions? Contact Leroy Moya at the Wilhite & Miller Law Firm at 303-839-1650 x 1077 or lmoya@wilhitelawfirm.com**

If you have filed a timely objection with the Court you may ask to speak in Court about why you object to the Settlement at the Final Fairness Hearing on [date to be added (date of Final Fairness Hearing)]. The hearing will be held here:

> Byron G. Rogers United States Courthouse, Room C-204
> 1961 Stout Street, Denver, Colorado 80294

### 15. Should I get a lawyer?

If you choose to participate in the Rule 23 Class, the FLSA Collective Action, or both, you may either allow Class Counsel to continue working on your behalf, or you may enter an appearance through your own lawyer. If you want to enter an appearance through your own lawyer, you may have to pay that lawyer.

### 16. How will the lawyers get paid?

Class Counsel will have asked the Court to enter an award of attorney's fees and expenses to compensate Class Counsel for their work and money expended in this action of $254,166.67. Class Counsel will have filed a petition for attorney's fees and will have provided documentation of their time expended and expenses; however, the actual amount awarded will be determined by the Court to ensure that the amount of attorney's fees and costs is fair and reasonable. The Court will hold a hearing to consider this attorney's fee request and the fairness of this settlement agreement as a whole on TBD, at X:XX AM/PM, at the Byron G. Rogers United States District Courthouse for the District of Colorado, located at 1961 Stout St., Denver, CO 80294-3589, in Courtroom C-204.

You also have the right to retain an attorney of your own choosing and at your own cost.

### 17. What if my name or contact information changes?

It is your responsibility to inform the Settlement Administrator of your current contact information. Please send any change of contact information to the Settlement Administrator (see Section 9, above).

### 18. Are more details available?

Yes. If you have any questions or require additional information, please contact the Class Counsel in this lawsuit: David Miller at the Wilhite & Miller Law Firm, 1600 Ogden Street Denver, Colorado 80218, (303) 839-1650 ext. 1090, or dhmiller@wilhitelawfirm.com

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**