IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02491-KAS

ALAINA BODI, Individually and on behalf of all others similarly situated,

    Plaintiff,

v.

KANDLE DINING SERVICES, INC.,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter comes before the Court on the Parties' **Joint Motion to Certify Class for Settlement Purposes, to Preliminarily Approve Class and Collective Action Settlement, and to Authorize Notice to Settlement Class** [#53] (the "Motion"). Having reviewed the Motion and being fully advised on the premises, the Court **grants** the Motion for the reasons stated below.

## I.    Introduction

Plaintiff Alaina Bodi initiated this action on September 23, 2022, alleging that Defendant KANDLE Dining Services, Inc. violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101, *et seq.*, and the Colorado Overtime and Minimum Pay Act, 7 C.C.R. § 1103-1. *See* Compl. [#1]. Plaintiff Bodi alleges that KANDLE violated the above-referenced federal and state law by (1) paying Bodi and the FLSA Collective Action Members, described below, on a salary basis that resulted in KANDLE's failure to pay at least federal minimum wage for all hours worked, or an overtime premium for hours worked in excess of 40 in a week; and (2) paying Bodi and the Rule 23 Class Members, also described below, on a salary basis

that resulted in KANDLE's failure to pay at least Colorado minimum wage for all hours worked, or an overtime premium for hours worked in excess of 40 in a week. *See* Compl. [#1]; Motion at 4.

The Motion states that approximately 1,000 individuals worked for KANDLE as salaried kitchen and dining hall employees in camps across the United States during the period relevant to this action, May 21, 2020, to present, and are thus potential FLSA Collective Action Members. *Id.* at 4. Of those 1,000 individuals, approximately 80 individuals worked for KANDLE in camps in Colorado, and are thus also potential Rule 23 members. *Id*.

According to the Motion, the case centers around two issues of Colorado and federal law: (1) whether KANDLE's salaried kitchen and dining hall employees who worked in camps were paid appropriately under Colorado and federal wage and hour laws; and (2) whether this Court has jurisdiction over a nationwide class under the FLSA. *Id.* at 1-2. To avoid the risk and delay associated with the issues of law in the case and the cost of continuing litigation, the Parties have agreed to settle the Plaintiff's and the Settlement Class Members' claims in exchange for a total settlement payment of $777,500.00 to the Settlement Class. *Motion* at 3, 5. The total settlement payment will be distributed to the approximately 1,000 Settlement Class Members on a pro rata basis based on the number of workweeks each Class Member worked during the relevant period. *Id.* at 6. To account for the dual claims and enhanced rights pursuant to Colorado Wage and Hour Law, the individuals who are both FLSA Collective Action Class Members and Rule 23 Class Members will have their total workweeks calculated by adding the

number of workweeks they worked in Colorado to the total number of workweeks they worked in any state in the United States, inclusive of Colorado, during the relevant period. *Id.* Class Counsel also plan to seek a Service Award of $15,000.00 to Bodi for her time, efforts, and personal risk undertaken on behalf of the Settlement Class Members and attorney's fees and costs of approximately 1/3 of the total settlement payment, less the Service Award. *Id.* at 6-7.

## II. Analysis

"Approval of a class action settlement takes place in two stages." *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 659 (D. Colo. 2018). "In the first stage, the court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement or opt out of the settlement." *Id.* After notice is given to the putative class, in the second stage "the court holds a fairness hearing at which it will address the fairness, reasonableness, or adequacy of the settlement terms." *Id.; see also* Fed. R. Civ. P. 23(e)(2).

### A. Class Certification

Preliminary certification of a class is appropriate based on "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *In Re Chipotle Mexico Grill, Inc.*, No. 17-1028, 2017 WL 4054144, *1 (10th Cir. Mar. 27, 2017) (quoting *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)); *see also Beall v. SST Energy Corp.*, No. 15-cv-01741-MSK-NYW, 2016 WL 286295, *1 (D. Colo. Jan. 25, 2016). Here, the Court finds that preliminary certification of a class for purposes of the settlement is appropriate because

Bodi and the proposed FLSA Collective Action class are similarly situated, i.e., "allegedly victims of a single decision, policy, or plan." *In Re Chipotle Mexico Grill, Inc.*, 2017 WL 4054144, *1. The Motion avers that nationwide and from May of 2020 through the present, KANDLE had a policy to: (1) pay kitchen and dining hall employees on a weekly salary basis; and (2) schedule kitchen and dining hall employees to work in excess of 40 hours in a week. *Id.* at 9. Bodi maintains that this common policy and practice applicable to all Potential FLSA Collective Action Members resulted in KANDLE's failure to pay federal minimum wage and overtime premiums as required by the FLSA. *Id.* In light of this alleged common policy and practice, the Court finds that Bodi is similarly situated to the proposed FLSA Collective Action class, and the Motion requesting certification of the Collective Action class is **granted**.[1]

### B.  Preliminary Approval of Settlement and Other Issues

The decision whether to grant preliminary approval of the settlement "is at most a determination that ... there is probable cause to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Ross*, 323 F.R.D. at 659 (internal quotation marks and citation omitted). "If the settlement reflects a reasonable compromise of issues in dispute, the court may approve the settlement to promote the policy of encouraging settlement of litigation." *Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 128 (D. Colo. 2016). The Court should consider four factors: (1) whether the settlement

---

[1]  In so finding, the Court recognizes that KANDLE has stipulated to the certification of this class for purposes of settlement only and reserves the right to oppose certification of this or any other class if the Settlement is not approved following the Final Fairness Hearing or if settlement is not perfected for any other reason.

achieved was achieved in an adversarial context; (2) whether plaintiffs were represented by competent, experienced counsel; (3) whether the settlement reflects a reasonable compromise over the disputed issues; and (4) the settlement's fairness. *Id.* Thus, "[t]he standards for preliminary approval of a class settlement are not as stringent as those applied for final approval." *Ross*, 323 F.R.D. at 659 (quotation omitted). Nonetheless, "preliminary approval is not simply a judicial rubber stamp of the parties' agreement." *CO Craft, Inc. v. Grubhub, Inc.*, No. 20-cv-01327-NYW-NRN, 2023 WL 3763525, at *4 (D. Colo. June 1, 2023) (internal quotation marks and citation omitted).

The Court finds that preliminary approval of the settlement is appropriate. The Motion explains how class certification satisfies Rule 23(a) and (b)(3), *id.* at 10-14. Moreover, the Motion explains that a bona fide dispute in an adversarial context existed concerning (1) whether the Court has personal jurisdiction over the nationwide class, for which there is a Circuit split; (2) whether KANDLE's pay and scheduling polices violated federal and state minimum wage and overtime requirements; and (3) the number of hours actually worked by the putative class. *Id.* at 16.  The Court also finds that both parties are represented by competent and experienced counsel, *id.* at 16-17, and the Court accepts counsels' representation that the proposed settlement was fairly and honestly negotiated. *Id.* at 17. Further, the Court finds that the value of an immediate recovery outweighs the mere possibility of future relief, particularly because the disputed jurisdictional issue has not been resolved by the Tenth Circuit. *Id.* at 17. Additionally, a settlement brings certainty, while continued litigation presents the risk that the Settlement Class Members: (1) might not prevail on a dispositive motion; and (2) might obtain little

or no damages after a jury trial on the merits. *Id.* Relatedly, the lack of records for the number of hours worked by each putative class member presents additional litigation risks for the Settlement Class Members. *See id.* at 18. Finally, the parties agree that the settlement, which calls for a proportionate payment to each Settlement Class Member for each week that they worked for KANDLE during the relevant period, is fair and reasonable. *Id.* at 19-20. The Court also finds that the settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not appear to improperly grant preferential treatment to class representatives. *Ross*, 323 F.R.D. at 659.

Accordingly, the Motion is **granted** as to the request for preliminary approval of the settlement. Bodi is appointed as the Class Representative, and the Court finds that the service award to Bodi of $15,000 is reasonable. Motion at 20-21. The attorneys from the Wilhite & Miller Law Firm are designated as Class Counsel,[2] and the Court finds—for preliminary approval purposes only—the attorneys' fees are reasonable. The fees are less than one-third of the total settlement amount agreed upon by the Parties. *Id.* at 21. Finally, the Court approves the proposed notice to class members as described in the Motion, *id.* at 21-22, and this Order.

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED**:

---

[2] The White & Miller Law firm has substantial experience in handling class and hour actions, representing that they have litigated over 30 such cases. *See* Motion at 14 n.2.

I. The proposed Settlement Class is **CERTIFIED** for the sole purposes of effectuating the Parties' Settlement, as follows:

   a. FLSA Collective Action Class.

   All salaried kitchen and dining hall employees who worked for KANDLE Dining Services, Inc. at any camp location in the United States between May 21, 2020, and the Effective Date of the Settlement Agreement, who timely file a FLSA Opt-in Form indicating their intention to opt-in to this action.

   b. Rule 23 Class

   All salaried kitchen and dining hall employees who worked for KANDLE Dining Services, Inc. in camps throughout Colorado between May 21, 2020, and the Effective Date of the Settlement Agreement.

II. The proposed Settlement is **PRELIMINARILY APPROVED**.

III. Plaintiff Alaina Bodi is hereby **APPOINTED** as the Class Representative for the Settlement Class;

IV. The Plaintiff's attorneys from The Wilhite & Miller Law Firm are hereby **APPOINTED** as Class Counsel;

V. The Court hereby **APPROVES** the Notice, Consent, and Opt-out Forms attached to the Motion as Exhibits 2, 3, and 4 to be sent to the Settlement Class Members;

VI. The Court hereby **APPROVES** CAC Services Group, LLC, as Settlement Administrator;

VII. The Court hereby **AUTHORIZES** notice to be sent to the Settlement Class and **ORDERS** that:

   a. The Settlement Administrator shall mail the Notices approved by the Court to all Settlement Class Members within 14 days of preliminary approval;

   b. The FLSA Collective Action Members shall have 75 days from the date on

which the Notices are sent to opt-in and consent to join the Settlement;

c. The Rule 23 Class Members shall have 75 days from the date on which the Notices are sent to opt out of, object to, or remain in the Settlement;

d. The Settlement Administrator shall conduct skip tracing and other efforts in conformity with the standards of the class administration industry to locate any Settlement Class Members whose Notices are returned undeliverable;

e. Class Counsel shall conduct independent research and attempt to contact and confirm contact information for FLSA Collective Action Members who had yet to return a signed Consent Form 30 days after Notices are sent;

f. The Settlement Administrator shall perform a second mailing of the Notices to any Settlement Class Member whose Notices were initially returned undeliverable, and for whom an alternate address was located through its skip tracing and other efforts or through Class Counsel's efforts;

VIII. The Parties shall file a joint motion seeking final approval of the Settlement no later than 14 days after the termination of the notice period; and

IX. A Final Fairness Hearing is set for **February 21, 2024,** at **1:30 p.m.** The Settlement Administrator shall include this date on the Notices sent to the Settlement Class.

Dated:   October 6, 2023

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge