IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02491-KAS

ALAINA BODI, Individually and on behalf of all others similarly situated,

    Plaintiff,

v.

KANDLE DINING SERVICES, INC.,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter comes before the Court on the Parties' **Joint Motion Seeking Final Approval of Class and Collective Action Settlement, Service Award, and Costs of Administration and Authorization to Distribute the Class and Collective Settlement Amount** [#69] ("Motion for Final Approval") and the Plaintiff's **Unopposed Motion Seeking Final Approval of Attorneys' Fees and Costs** [#70] ("Motion for Attorney Fees") (collectively, the "Motions"). On October 6, 2023, the Court preliminarily approved the parties' Settlement Agreement, including Plaintiff's fee request. *Order* [#56] at 6-8. The Court also approved the parties' Settlement Notice for issuance and set various deadlines for all potential Settlement Class Members to opt-out or object to the Settlement Agreement. *Id.* at 7-8. The Court held a Final Fairness Hearing on April 3, 2024. No objections were made either prior to or at the hearing. *Motion for Final Approval* [#69] at 19 ("Only one Settlement Class Member opted out, and no Settlement Class Member filed an objection") (citing *Decl. of Johnson* [#69-1], ¶¶ 18-22). At the Fairness Hearing,

the Court granted the Motions [#69, #70] on the record while indicating that it would issue a written order discussing the issue of attorney fees and the service award in greater detail. *Minute Entry* [#73].

**A.     Attorney Fees**

Plaintiff seeks approval of an award for class counsel's attorney fees and costs in the amount of $254,166.67, which is calculated as one-third of the settlement amount, less Plaintiff's service award. *Motion for Attorney Fees* [#70] at 3 (summarizing the proposed settlement disbursement; *id.* at 2 (explaining that "Class Counsel agreed to be paid 33 and 1/3% of the settlement amount, not including the service award, as compensation for both attorney's fees and costs").

The Fair Labor Standards Act provides that, in an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action" where plaintiffs prevail. 29 U.S.C. § 216(b). The availability of FLSA claimants to recover a reasonable attorney fee is crucial to the statute's enforcement scheme. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) ("the purpose of the FLSA attorney fees provision is to [e]nsure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and to "encourage[] the vindication of congressionally identified policies and rights") (internal quotations omitted) (quoted in *Rodriguez v. 5830 Rest. Corp.*, No. 21-cv-01166-KLM, 2023 WL 1507195, at *8 (D. Colo. Feb. 3, 2023)). In common fund cases, as opposed to statutory fee cases, courts generally award attorney fees based on a percentage of the common fund obtained for the benefit of the class. *See, e.g.*, *Lucken Fam. Ltd. P'ship, LLLP v.*

*Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *2 (D. Colo. Dec. 22, 2010) (stating that the Tenth Circuit has recognized "the prevailing trend in awarding attorney fees in common fund cases is to award fees based on a percentage of the common fund obtained for the benefit of the class") (citing *Gottlieb v. Bany*, 43 F.3d 474, 482 (10th Cir. 1994); *Anderson v. Merit Energy Co.*, Nos. 07-cv-00916-LTB-BNB, 07-cv-01025-REB-MJW, 2009 WL 3378526, at *2 (D. Colo. Oct. 20, 2009)); *accord Uselton v. Com. Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993) (reaffirming "the propriety of awarding attorneys' fees in [common fund cases] on a percentage of the fund, rather than lodestar, basis") (collecting cases).

Courts review the reasonableness of percentage attorney fee awards by examining the twelve factors articulated by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Uselton*, 9 F.3d at 853 (reaffirming "the relevance of the twelve factors originally developed for statutory fee determinations in *Johnson*"). These factors include: (1) the time and labor required, (2) the novelty and difficulty of the question presented by the case, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However, "rarely are all of the *Johnson* factors applicable; this is

particularly so in a common fund situation." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir.), *cert. denied*, 488 U.S. 822 (1988).

  1. **Time and Labor Required**

Class counsel devoted significant time and resources pursuing this case through to a settlement. *See Motion for Attorney Fees* [#70] at 9, *Wilhite Billing Records* [#70-4] at 8. Between November 22 and November 30, 2023, as class counsel was beginning to notify putative class members of the action, issues arose with disseminating the Court-approved Notice. *Minute Order* [#60] at 1; *Decl. of Guzman* [#69-10], ¶¶ 7-18. The parties attended a December 8, 2023, hearing with the Court to confirm that the Notice could be "sent to all putative class members in English and Spanish via email, text, and Whatsapp, in addition to via mail." *Minute Order* [#60] at 1. As late as March 2024, class counsel found miscalculations in total settlement amounts owed to class members, based on documents received in discovery. *Decl. of Guzman* [#69-10], ¶¶ 20-24. Class counsel conferred with Defendant's counsel and came up with a solution, giving $50.00 to each FLSA class member and $50.00 to each Rule 23 class member to account for approximately one additional week of work. *Id.*, ¶ 25.

Counsel's invoice shows that 185.0 hours were spent investigating, litigating, and negotiating the resolution of this case. *Wilhite Billing Records* [#70-4] at 8. Class counsel regularly represents workers under the Colorado Wage Claim Act and focus on employment and wage-and-hour class actions. *Decl. of Guzman* [#69-10], ¶ 3; *Decl. of Miller* [#70-1], ¶ 4. Mr. Miller's hourly rate is $650.00, which is reasonable for an attorney with his level of experience in the Denver market and which has been approved by courts

in Colorado. *See Decl. of Miller* [#70-1], ¶ 8; *Decl. of Greisen* [#70-2], ¶¶ 9-10. Ms. Guzman's hourly rate is $350.00, Rydge Rath's hourly rate is $225.00, Leroy Moya's hourly rate is $175.00, and Carmen Ortega's hourly rate is $100.00, all rates which are comparable to rates approved by courts in Colorado and to Denver law firms in similar practice areas. *Decl. of Miller* [#70-1], ¶ 9. Counsel's lodestar is approximately $77,500.00 in fees and $469.50 in costs. *Id.*, ¶ 13. The $254,166.67 requested contingency fee represents an enhancement of counsel's lodestar by a multiplier of 3.16, which is within the range of fee multipliers approved in Colorado in similar cases and is reasonable given the result obtained for the Class. *See Mishkin v. Zynex, Inc.*, Nos. 09-cv-00780-REB-KLM, 09-cv-00816-REB-KLM, 09-cv-00829-REB-KLM, 2012 WL 4069295, at *2 (D. Colo. Sept. 14, 2012) (collecting cases in the District of Colorado approving lodestar multipliers ranging between 2.5 and 4.6).

**2.    Novelty and Difficulty of the Questions Presented by the Case**

While the substantive dispute in this case was whether Defendant's pay and scheduling practices violated federal and state wage laws, Plaintiff faced a threshold Motion to Dismiss alleging that the Court lacked personal jurisdiction over this nationwide class. *Motion to Dismiss* [#14] at 1-2. Had the Court granted the Motion to Dismiss, the class would have been reduced from 686 to 51 individuals, and the Tenth Circuit has not determined this novel issue yet. *Motion for Attorney Fees* [#70] at 9-10. This case presented novel and difficult questions which required extensive analysis on the part of Class Counsel, and as was discussed previously, there were also logistical difficulties

5

reaching class members in both English and Spanish through a combination of mail, email, text messages, and WhatsApp.

### 3. The Skill Requisite to Perform the Legal Service Properly

Class counsel regularly represent workers under the Colorado Wage Claim Act and focus on employment and wage-and-hour class actions. *Decl. of Guzman* [#69-10], ¶ 3; *Decl. of Miller* [#70-1], ¶ 4. As evidenced by the favorable result achieved, counsel had the requisite skill to perform the service required to bring this complex litigation to a successful end for Plaintiff and the class. *Motion for Attorney Fees* [#70] at 9-10.

### 4. The Preclusion of Other Employment by the Attorney

Class Counsel, having dedicated 185.0 hours to the prosecution of this matter, spent time on a case that could have been spent on other worthwhile cases. *Motion for Attorney Fees* [#70] at 11. Courts have recognized that there is inherent preclusion of other work implicit in accepting a large and complex action for low-wage workers. *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) ("Attorneys attempting to handle a large class such as this are precluded by the ticking of the clock from taking certain other cases given that they have decided to take a chance on a possible recovery in a contingent fee case rather than strictly working on paid hourly wages. . . . This case involved workers who were neither highly skilled nor highly paid, making a contingent fee arrangement even more risky[.]"). Here, counsel spent significant hours on this case, payment for which was entirely contingent on the outcome of the matter.

### 5. The Customary Fee

Class counsel seeks an attorney fee award of one-third, less a $15,000 service award for the named Plaintiff. *Motion for Attorney Fees* [#70] at 2. This comes out to 32.7% of the total settlement. Courts in the Tenth Circuit routinely approve awards at an equal or higher percentage than this in FLSA cases. *See, e.g., Whittington*, 2013 WL 6022972, at *6 (approving fees and costs totaling "approximately 39% of the fund as a whole" as "within the normal range for a contingent fee award"); *Lucken Family Ltd. P'ship, LLLP*, 2010 WL 5387559, at *5 ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class") (collecting cases). The Court finds that the 32.7% award sought is within the range of customary fee awards in similar cases. *Motion for Attorney Fees* [#70] at 11-12.

### 6. Whether the Fee is Fixed or Contingent

Class Counsel litigated this case under a contingent fee agreement and would have recovered nothing had Plaintiff not prevailed. Courts recognize "the great risk undertaken in pursuing these claims on a contingent-fee basis" and, "given the risk of non-recovery, this factor weighs heavily in favor of the requested fee." *In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1115 (D. Kan. 2018); *accord Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000).

### 7. Time Limitations Imposed by the Client or the Circumstances

The Court agrees that this is not a relevant consideration in this case because the case proceeded through the normal course of litigation. *Motion for Attorney Fees* [#70] at 12.

### 8. The Amount Involved and the Results Obtained

The $777,500.00 settlement in this case represents recovery of unpaid wages for the 686 low-wage workers involved in this case. *Motion for Attorney Fees* [#70] at 3, 10. Each FLSA class member who opted in will receive $53.75 for every work week they worked for Defendant between 2020 and 2023, and each Rule 23 class member who did not opt out will receive an additional $53.75 for each work week they worked in Colorado during that same time period. *Id.* at 4. Moreover, each class member will receive an additional $50.00 to compensate for any errors in the calculations. *Id.* Given the results obtained, this factor weighs in favor of finding the 32.7% fee reasonable. *Id.* at 3-4.

### 9. The Experience, Reputation, and Ability of the Attorney

Class counsel regularly represent workers under the Colorado Wage Claim Act and focus on employment and wage-and-hour class actions. *Decl. of Guzman* [#69-10], ¶ 3; *Decl. of Miller* [#70-1], ¶ 4. Mr. Miller has litigated more than 30 lawsuits similar to this action, and he focused on wage and hour class actions since November 2011. *Motion for Attorney Fees* [#70] at 13; *Decl. of Miller* [#70-1], ¶¶ 4-5. Counsel has demonstrated their ability by achieving a successful result for the Class. The Court finds that this factor weighs in favor of approval of the 32.7% fee.

### 10.  The "Undesirability" of the Case

Plaintiff and the class members are low-wage service employees without the means to hire counsel on an hourly basis, and many of them do not maintain records of their wages. *Motion for Attorney Fees* [#70] at 13. The previously discussed novelty and difficulty inherent in this case apparently made the case undesirable to other attorneys—the named Plaintiff contacted two other firms who declined representation before contacting Class Counsel. *Id.* This factor favors Class Counsel's requested fees.

### 11.  The Nature and Length of the Professional Relationship

"In describing this factor, the *Johnson* court noted that a lawyer might vary his or her fee for similar work in light of the professional relationship of the client with the lawyer." *In re Qwest Comms. Int'l, Inc. Sec. Litig.*, Consolidated Case No. 01-cv-01451-REB-CBS, 2006 WL 8429707, at *6 (D. Colo. Sept. 29, 2006). Here, there is no indication that counsel had any previous professional relationship with the named Plaintiff or any class members prior to this litigation or adjusted their fee based thereon, so the Court finds this factor does not apply in this case. *Id.*

### 12.  Awards in Similar Cases

This factor has been previously discussed in connection with customary fees in Section A.5. above.

### 13.  Conclusion as to Attorney Fees

Weighing the twelve *Johnson* factors, the Court finds that the proposed fee award is reasonable and should be approved, particularly given that counsel litigated this thoroughly and professionally and negotiated a settlement that will greatly benefit the

Class Members. The Court also notes the great difficulty counsel undertook to correct issues that arose notifying class members across multiple platforms in multiple languages. *Minute Order* [#60].

**B.   Service Award**

The parties propose a $15,000.00 service award to the named Plaintiff as class representative. *See Motion for Attorney Fees* [#70] at 3 (summarizing the proposed settlement disbursement). The Court must determine whether the service award to the named Plaintiff is reasonable. Named plaintiffs are eligible for reasonable incentive payments as part of class action settlements. *Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) (quoting *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003)). When considering the appropriateness of an award for class representation, courts may consider factors including "(1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation." *Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1010 (D. Colo. 2014) (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Service awards are "particularly appropriate in the employment context" because "by lending [her] name to the litigation, [s]he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). Incentive awards are within the Court's discretion. *Tuten*, 41 F. Supp. 3d at 1010.

The Court finds that the $15,000.00 service award here is appropriate because class representative Alaina Bodi undertook significant efforts in connection with this case, including assisting counsel in responding to written discovery and attending a full day of in-person mediation in Colorado. *Motion* [#69] at 20. This required her to take time away from her graduate studies and incur personal expenses associated with a three-night stay in Colorado. *Id.* The Court therefore finds that the incentive award sought here is reasonable. *See, e.g.*, *Tuten*, 41 F. Supp. 3d at 1010 (approving $15,000.00 incentive award to class representative in action alleging violation of the Uniformed Services Employment and Reemployment Rights Act); *Torres v. Gristede's Operating Corp.*, Nos. 04-cv-3316 (PAC), 08-cv-8531 (PAC), 08-cv-9627 (PAC), 2010 WL 5507892, at *8 (S.D.N.Y. Dec. 21, 2010) (approving $15,000 service award to each named plaintiff in wage class action); *Frank*, 228 F.R.D. at 187 (approving $10,523.37 incentive award to class representative in wage class action).

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motions [#69, #70] are **GRANTED**.

IT IS FURTHER **ORDERED** that the Settlement Agreement [#53-1] is granted **final** approval for the reasons stated herein and in the Court's prior Order [#56], inclusive of the Service Award to Bodi, Attorneys' Fees and Costs to Class Counsel, and the cost of administration.

IT IS FURTHER **ORDERED** that the Settlement Administrator is authorized to distribute the Class Settlement Amount in accordance with the Settlement Agreement.

IT IS FURTHER **ORDERED** that the attorneys' fees provision of the Settlement Agreement [#53-1] is granted **final** approval for the reasons provided in the Court's prior Order [#56], and Class Counsel is awarded **$254,166.67**, i.e., one-third of the Settlement Fund less the Service Award to the Named Plaintiff, **in attorney fees and litigation expenses/costs**.

IT IS FURTHER **ORDERED** that this action is **DISMISSED with prejudice**. The Clerk of Court is directed to **close** this case.

Dated: April 5, 2024                                          BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge